**PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Robert Lamont BRANDT, Defendant-Appellant.**

**No. 81SA177.**

Supreme Court of Colorado, En Banc.

June 13, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Lit. Sec., Denver, for plaintiff-appellee.

John E. Popovich, Jr., Denver, for defendant-appellant.

PER CURIAM.

The defendant has appealed the trial court's ruling denying his Crim.P. 35(b) motion in which he challenged the constitutionality of the provisions and administration of the Colorado Sex Offenders Act (CSOA)[1] on due process, equal protection, and cruel and unusual punishment grounds. We affirm the decision of the district court.

I.

On May 24, 1976, the defendant was convicted of first-degree assault[2] and attempt to commit first-degree sexual assault[3] after he entered pleas of guilty pursuant to a plea agreement. The trial court sentenced the defendant under the provisions of the CSOA for a term of one day to life and recommended that the defendant be transferred from the receiving center at the state penitentiary to the Colorado State Hospital in Pueblo.

At the Crim.P. 35(b) hearing, the defendant appeared *pro se.* His complaint centered around his being transferred back and forth between the penitentiary and the state hospital. According to the defendant, the parole board requested in August of 1980, that he return to the state hospital from the penitentiary for further treatment. The defendant declined, claiming that he had received maximum benefits from therapy programs offered at the state hospital. The trial court entered a written

---

1. Sections 16–13–201 to –216, C.R.S.1973 (now in 1978 Repl.Vol. 8 & 1982 Supp.).

2. Section 18–3–202, C.R.S.1973 (now in 1978 Repl.Vol. 8 & 1982 Supp.).

3. Section 18–3–402, C.R.S.1973 (now in 1978 Repl.Vol. 8).

decision denying the defendant's numerous claims for post-conviction relief under Crim.P. 35(b). Counsel was appointed by the trial court to represent the defendant on appeal.

## II.

The arguments on the issues raised by the defendant in this appeal were recently considered and rejected by this court in *People v. White,* 656 P.2d 690 (Colo.1983). No useful purpose would be served by reiterating the principles announced in that decision. Therefore, *People v. White* is dispositive of this case.

## III.

The judgment of the trial court is affirmed.